# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MOLLIE ROBINSON,

          Plaintiff,

  vs.

AUTOMA, S.p.A.,

          Defendant.

Case No.: 2:13-cv-02305-GMN-PAL

**ORDER ACCEPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE LEEN**

Before the Court is Plaintiff's Motion to Remand to State Court (ECF No. 10), which was filed on January 17, 2014. Defendant filed its Response (ECF No. 15) on January 31, 2014, and Plaintiff filed her Reply (ECF No. 16) on February 10, 2014.

This lawsuit arises as a wrongful death action brought in Nevada state court on behalf of the estate, wife, and two minor children of Benjo Carrion, who was killed while operating a plastic blow mold injection machine that Plaintiff alleges was manufactured, sold, or distributed by Defendant Automa, S.p.A. (Second Amended Complaint ¶¶ 1-15, Ex. 1 to Defendant's Notice of Removal, ECF No. 1-1). Plaintiff has asserted claims for: (1) strict products liability, (2) negligence, (3) breach of express and implied warranties, (4) oppression and malice, express or implied, and (5) alter ego liability. (*Id.* ¶¶ 16-59). In the Complaint, Plaintiff seeks "1. General damages in [] an amount in excess of $10,000; 2. Special Damages, including the costs of medical care, loss of earnings, and futur[e] earning capacity in an amount in excess of $10,000"[1] along with punitive damages and attorneys' fees. (*Id.* 9:11-19).

---

[1] In Nevada, Plaintiffs seeking damages of more than $10,000 are limited by statute to only plead damages "in excess of $10,000" without further specification of amount. Nev. R. Civ. P. 8.

After Defendant removed the case to this Court (Notice of Removal, ECF No. 1) and filed a Motion to Quash (ECF No. 4) Plaintiff's Complaint for lack of personal jurisdiction,[2] Plaintiff filed her Motion to Remand (ECF No. 10).  The basis for Plaintiff's motion is her contention that Defendant has failed to sufficiently demonstrate that the amount in controversy exceeds $75,000, as is required for diversity jurisdiction under 28 U.S.C. § 1332. (Motion to Remand 4:14-6:9, ECF No. 10).  Plaintiff supports her contention by arguing that she only specifically seeks "an amount in excess of $10,000" in her Complaint, and by claiming, without any citation to authority, that "[f]uture damages are not allowed to be included in the amount in controversy calculation." (*Id.*)

This Court, however, rejects Plaintiff's incorrect statement of the law and finds that the amount in controversy here is sufficient for this Court's exercise of diversity jurisdiction.  As an initial matter, future damages are considered in determining the amount in controversy. *See Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) (where the Court considered the plaintiff's lost future income, future medical expenses, and future pain and suffering in determining the amount in controversy).  Furthermore, the Ninth Circuit has established the following framework for determining the amount in controversy on removal.  First, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995).  Then, if the court determines the amount in controversy is not facially apparent in the complaint, "the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.*  "Where the

---

[2] As addressed in detail in Magistrate Judge Leen's Report and Recommendation (ECF No. 20), Defendant is an Italian corporation with insufficient contacts with the State of Nevada to grant Nevada personal jurisdiction.

complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

Here, Plaintiff has alleged claims for the cost of medical care, loss of earnings, and loss of future earning capacity along with punitive damages and attorneys' fees resulting from a wrongful death. (Second Amended Complaint 9:11-19, Ex. 1 to Defendant's Notice of Removal, ECF No. 1-1).  Though Plaintiff's Complaint provides no specific damages award other than "an amount in excess of $10,000," because Plaintiff is seeking damages resulting from a wrongful death of an employed thirty-five-year-old man, it is facially apparent from the Complaint that the amount in controversy has been met. *See Kammerdiener v. Ford Motor Co.*, No. ED CV-09-2180 PSG (VBKX), 2010 WL 682297, at *1 (C.D. Cal. Feb. 24, 2010) ("That Plaintiffs are seeking recovery for wrongful death is sufficient to establish that the amount in controversy exceeds $75,000 on the face of the Complaint."); *Corbelle v. Sanyo Elec. Trading Co.*, No., 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003) ("This is not a case where the complaint alleges wrongful death or permanent disability or other such facts that would clearly establish an amount in controversy in excess of $75,000."); *see also De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (holding that it was facially apparent from complaint that jurisdictional amount exceeded given claims were for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses).  Therefore, Plaintiff's Motion to Remand (ECF No. 10) is **Denied**.

Now having determined that this Court has subject matter jurisdiction over the present matter, the Court considers the Report and Recommendation (ECF No. 20) of the Honorable Peggy A. Leen, United States Magistrate Judge, entered April 17, 2014.

Pursuant to Local Rule IB 3-2(a), objections to the Report and Recommendation were due by May 4, 2014.  No objections have been filed.  In accordance with 28 U.S.C. § 636(b)(1) and Local Rule IB 1-4, the Court has reviewed the record in this case and agrees with Magistrate Judge Leen's recommendation that Defendant's Motion to Quash (ECF No. 4) be **Granted** and this action be dismissed.  Therefore, the Court has determined that Magistrate Judge Leen's Recommendation should be **ACCEPTED** and **ADOPTED** to the extent that it is not inconsistent with this opinion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 20) is **ACCEPTED and ADOPTED in full.**  Defendant's Motion to Quash (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint is **DISMISSED** with prejudice for lack of personal jurisdiction.  The Clerk shall enter judgment accordingly.

**DATED** this __5__ day of May, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court